# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| In the matter of the Complaint of Wadielnil for Touristic Investments, as Owner of the M/Y Suzanna 1, for Exoneration from or Limitation of Liability, | CASE NO.: CV420-080 |

## ORDER SETTING SETTLEMENT CONFERENCE

This case has been set for a settlement conference before the undersigned at 8:00 a.m. EST (1:00 p.m. GMT) on November 10, 2020. The conference shall be conducted via video conference with participation instructions to be provided to the parties under separate cover.

The Court believes the parties should fully explore and consider settlement at the earliest opportunity. Early consideration of settlement can prevent unnecessary litigation, allowing the parties to avoid the substantial cost, expenditure of time, and stress that are typically part of the litigation process. Even for those cases that cannot be resolved through settlement, early consideration of settlement allows the parties to better understand the factual and legal nature of their dispute and

streamline the issues to be litigated. To that end, the Court offers a settlement conference option to parties who choose to participate.

Consideration of settlement is a serious matter that requires thorough preparation prior to the settlement conference. As a result, and unless otherwise noted, parties are **DIRECTED** to comply with the following procedures in preparation for the settlement conference. Counsel are advised to review this order carefully. **FAILURE TO COMPLY WITH THESE PROCEDURES IN A TIMELY MANNER WILL RESULT IN CANCELLATION OF THE CONFERENCE.**

## IDENTIFICATION OF THE PARTIES

Though Wadielnil for Touristic Investments ("Wadielnil") is the nominal plaintiff in this case, the Court understands that all claims for damages arise from a wrongful death action brought by Sulzbach against Aggressor Adventures, LLC, Wayne Works Marine, LLC and Wayne Works, LLC ("Aggressor Entities"). The claim was filed in the courts of Richmond County, Georgia, which was removed to the Augusta Division of this Court. *See Sulzbach v. Aggressor Adventures, LLC*, CV 1:20-091 (S.D. Ga. Jul. 1, 2020). The Court further understands that the Aggressor Entities will seek indemnification against Wadielnil for their liability in

the wrongful death action. In order to practically frame the dispute for purposes of the settlement conference, the Court will treat Sulzbach as plaintiff and the Aggressor Entities and Wadielnil as co-defendants. If any party objects to this framing, please provide notice to the Court by no later than November 6, 2020. The Aggressor Entities and Wadielnil are should also confer and coordinate their indemnity obligations in advance of the settlement conference.

### PARTIES' EXCHANGE OF DEMAND AND OFFER

The Court normally requires plaintiff's counsel to make a formal written settlement demand on defendants' counsel no later than twenty-one days prior to the settlement conference. Defendants' counsel would, in turn, be required to submit a written offer to plaintiff's counsel no later than fourteen days prior to the conference. Due to timing limitations, the Court will not require this exchange. The parties have, however, advised the Court that Counsel for Wadielnil for Touristic Investments has already provided a settlement offer and that Sulzbach will be prepared to offer its counter-demand at the time of the conference.

## CONFIDENTIAL PARTY SUBMISSIONS

On or before November 6, 2020, each party shall email a **confidential, *ex parte*[1]** letter to the Courtroom Deputy Clerk at molly_davenport@gas.uscourts.gov. The letters should include:

1) the history of any settlement negotiations to date and each party's general settlement posture;

2) a discussion of the likelihood that the wrongful death action currently pending before the Augusta Division, *Sulzbach v. Aggressor Adventures, LLC*, CV 1:20-091 (S.D. Ga. Jul. 1, 2020), will be consolidated into this concursus action or remanded back to the Richmond County courts;

3) a discussion of, were the entire concursus to be dismissed, the likelihood that it, in its entirety or partially, would be litigated in Egypt;

4) a discussion of the likely result of any Egyptian action and the expectation of how long such litigation would take to reach a resolution;

5) the facts you believe you can prove at trial;

6) a candid discussion of both the strengths and weaknesses of each side of the case;

7) a description of any liability disputes;

8) a representation as to whether discovery has been completed and, if not, what discovery remains;

9) the identification of any outstanding motions which could have an effect on settlement;

---

[1] As, these letters are **confidential** they **should neither be served on opposing parties nor filed on the docket**.

10) an evaluation of the maximum and minimum damage awards you believe likely;

11) a discussion of any limitations on liability under the Limitation of Liability Act, Death on the High Seas Act or Egyptian law;

12) whether there are any non-monetary compensation arrangements which the parties require (apologies, confidentiality statements, etc.)

13) an estimate of the attorneys' fees and costs both to date and through trial; and,

14) an estimate of how much time the Court should set aside for the settlement conference.

The letters should be written with candor. The letters should be no more than ten pages single-spaced and may contain no more than 15 additional pages of exhibits. Contemporaneously with the emailing of the letters, counsel for each party shall also complete and email to the Courtroom Deputy Clerk the undersigned's Settlement Conference Worksheet which is attached to this Order.[2] If any party believes that additional individuals or entities who are currently not parties to the case are necessary participants in any mediation (e.g., third party lien holders), they are directed to indicate so on the Worksheet in the Additional Comments section.

---

[2] The parties are expected to jointly complete the worksheet.

## PREPARATION FOR THE SETTLEMENT CONFERENCE[3]

For many parties, this will be the first time they will participate in a court-supervised settlement conference. Therefore, prior to the settlement conference, counsel shall provide a copy to, and discuss this Order with, their clients and any other person who will attend the settlement conference. **All** participants should be prepared to answer the following questions at the settlement conference:

1) What are your goals in this litigation and what problems would you like to address in the settlement conference? What do you understand the opposing side's goals to be?

2) What issues need to be resolved?

3) What are the strengths and weaknesses of your case?

4) Do you understand the opposing side's view of the case? What is wrong with their perception? What is right with their perception?

5) What are the points of agreement and disagreement between the parties? Factual? Legal?

6) What are the impediments to settlement? Financial? Emotional? Legal?

---

[3] The Court expects the parties to address each other with courtesy and respect. Parties are encouraged to be frank and open in their discussions. As a result, (unless otherwise agreed upon) statements made by any party during the settlement conference are not to be used in discovery and will not be admissible at trial.

7) Does settlement or further litigation better enable you to accomplish your goals? What is your best alternative to a negotiated resolution?

8) Are there possibilities for a creative resolution of the dispute?

9) Do you have adequate information to discuss settlement? If not, how will you obtain sufficient information to make a meaningful settlement discussion possible?

## ATTENDANCE OF PARTIES AND INSURERS REQUIRED

**The Court requires that parties and all individuals necessary to accomplish full and complete settlement personally attend the settlement conference. This may include a representative of an insurance company. In either circumstance, an individual with full settlement authority must be present <u>in person</u>.** An uninsured corporate party shall appear by a representative authorized to negotiate, and who has full authority to settle the matter. Having a client or insurance representative with authority available only by telephone is not an acceptable alternative, except under the most extraordinary of circumstances and where prior approval of the Court is granted.[4]

---

[4] As a result of the ongoing global pandemic related to COVID-19, the Court has ***temporarily*** suspended its in person appearance requirement for settlement conferences. At present, participation via the Court's selected video conferencing platform will be an acceptable (and required) substitute for in-person appearance.

## CONFERENCE FORMAT

The Court will generally employ a format similar to private mediation: to wit, a joint session with opening remarks by the Court to be followed by a brief (i.e., no more than 10 minute) presentation by each party and then separate caucuses with each party.[5] The Court expects both the lawyers and the party representatives to be fully prepared to participate at the mediation session. The Court encourages all parties to keep an open mind in order to re-assess their previous positions and discover creative means for resolving the dispute.

SO ORDERED this 2nd day of November, 2020.

_____
Christopher L. Ray
United States Magistrate Judge
Southern District of Georgia.

---

[5] The parties have advised the Court that they do not anticipate the need for opening statements; however, wish to reserve a few moments for brief remarks at the beginning of the session.

# SETTLEMENT CONFERENCE WORKSHEET
## MAGISTRATE JUDGE CHRISTOPHER L. RAY

United States District Court – Southern District of Georgia
125 Bull Street
Savannah Ga, 21401

Molly Davenport, Courtroom Deputy
Office: (912-650-4035)
e-mail: molly_davenport@gas.uscourts.gov

I. Date of Settlement Conference: Click or tap to enter a date.

II. Parties Attending

    a. For Margret Mary Sulzbach

        i. Counsel: _____

        ii. Client Representative: _____

        Authority to settle?   Yes ☐   No ☐

        iii. Additional Attendees: _____

        Authority to settle?   Yes ☐   No ☐

        iv. Do the parties request that anyone be permitted to attend via telephone? If so who and why? Such a request will only be granted upon a substantial showing of good cause. Mere convenience shall not be an adequate basis.

_____
_____
_____
_____

    b. For Aggressor Adventures, LLC, *et al.*:

        i. Counsel: _____

        ii. Client Representative: _____

            Authority to settle?    Yes ☐    No ☐

        iii. Additional Attendees: _____

            Authority to settle?    Yes ☐    No ☐

        iv. Do the parties request that anyone be permitted to attend via telephone? If so who and why? Such a request will only be granted upon a substantial showing of good cause. Mere convenience shall not be an adequate basis.

_____
_____
_____
_____

    c. For Wadielnil for Touristic Investments:

        v. Counsel: _____

        vi. Client Representative: _____

            Authority to settle?    Yes ☐    No ☐

        vii. Additional Attendees: _____

            Authority to settle?    Yes ☐    No ☐

       viii.    Do the parties request that anyone be permitted to attend via telephone? If so who and why? Such a request will only be granted upon a substantial showing of good cause. Mere convenience shall not be an adequate basis.

_____
_____
_____
_____

III.    Additional Comments:

_____
_____
_____
_____
_____